UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEOFFREY N. FIEGER, *et al*,

    Plaintiffs,

vs.

CASE NO. 05-CV-73891-DT
HON. LAWRENCE P. ZATKOFF

MICHAEL A. COX, *et al.*,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron, State of
Michigan, on the 18th day of September, 2008.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on two related matters. In December 2006, the Court rendered an Opinion and Order (the "Opinion and Order") dismissing Plaintiffs' cause of action, with prejudice, including Plaintiffs' cause of action against Defendant Stephen J. Markman ("Markman"). Richard Steinberg, Plaintiffs' counsel at the time this case was filed, filed a Motion for Reconsideration of the Opinion and Order (Docket #45). In his Motion for Reconsideration, Mr. Steinberg requested that the Court vacate "so much of the [O]pinion and [O]rder entered by this Court, . . . imposing sanctions upon [Mr. Steinberg]."

In addition, as the Court directed in the Opinion and Order, Markman submitted an invoice of attorney fees and costs incurred as a result of this case (through the date the Court issued the Opinion and Order). As set forth below, the Court denies Mr. Steinberg's Motion for Reconsideration and awards Markman attorney fees and costs in the amount of $29,037.57 for the period up to and including December 8, 2006, the date the Court issued the Opinion and Order.

## II. BACKGROUND

In the Opinion and Order, the Court concluded, among other things, that (a) Plaintiffs did not sufficiently state their claims concerning the existence of a conspiracy (or Markman's membership in such conspiracy), and (b) Plaintiffs failed to sufficiently state their claims that Markman has violated Plaintiffs' federally protected rights. Specifically, the Court stated:

> **2. Count III - 42 U.S.C. §1985(3) Claim**
>
> * * * * *
>
> On a more substantive basis, and in particular as it pertains to Markman, the Court takes notice that allegations of conspiracy under §1985(3) must be pled with sufficient specificity to survive dismissal; broad, conclusory language does not overcome the necessity of factual allegations to support the conspiracy theory. *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984). In this case, there are nothing but conclusory allegations that Markman had any role in the alleged conspiracy to deprive Fieger of his rights.[1] There is no allegation of any

---

[1] In the Complaint, Markman's name appeared only in the following three contexts:

2

action by Markman (including even such *de minimis* action as talking to any of the other Defendants). As such, this Count would be dismissed with respect to Markman for this reason as well.

### 3. Count IV - 42 U.S.C. §1983 (First Amendment Rights to Free Speech)

All 1983 claims against Markman would be dismissed because he is being sued in his individual capacity only. Therefore, he can only participate in and be liable for violating someone's right to free speech if he conspired with a state actor to do so. As discussed above, the conspiracy claims *vis a vis* Markman are not pled with sufficient specificity.

In addition to ruling on the Motion to Dismiss filed by Markman, the Court granted Markman's Motion for Sanctions pursuant to Fed. R. Civ. P. 11, stating that

> the Court found Plaintiffs' action against Markman to be wholly lacking in merit. The Complaint is devoid of any allegations, let alone facts, to support Markman's alleged participation in a conspiracy against Fieger and/or the other Plaintiffs. The Court agrees with Markman's contentions that the Plaintiffs' claims against Markman are spurred solely by Plaintiffs' political and professional animus toward Markman. The filing of a meritless, factually deficient and speculative action such as the instant action against Markman was not appropriate or reasonable, nor

---

(1) **Paragraph 23 -** "on a date and at time known to Defendants, but unknown to the Plaintiffs, at present, the Defendants Cox, Cameron, Baker, Land, and Markman, and other person or persons . . . joined, confederated, combined and conspired together for the purpose of depriving the Plaintiff Fieger of certain of his rights, privileges, and immunities guaranteed to him under the Constitution of the United States, including, but not limited to: his First Amendment right to engage in public dialogue and debate regarding political issues of personal concern to him;"
(2) **Paragraph 25 -** Markman was the target of Citizens' advertisements; and
(3) **Paragraph 50 -** Markman received campaign contributions in 2000.

> will this Court tolerate its filing or ignore the ramifications to Markman (financial and otherwise) that resulted from Plaintiffs' filing this action against Markman.
>
> Accordingly, for the reasons set forth above and for the reasons set forth in Markman's Brief in Support of Motion for Rule 11 Sanctions, the Court concludes that Rule 11 sanctions are appropriate in this case. Therefore, Markman's Motion for Rule 11 Sanctions is GRANTED. The Court hereby ORDERS Markman to submit to the Court, within 30 days of the date of this Order, a detailed invoice of the legal fees and expenses incurred by Markman in relation to this matter.

In accord with the Court's directive, Markman submitted a detailed invoice of $29,037.57 for attorney fees and costs incurred through December 8, 2006. That amount included legal fees of $27,270.00 and expenses of $1,767.57.

Shortly after the Court rendered the Opinion and Order, Mr. Steinberg filed the Motion for Reconsideration, wherein he moved the Court to vacate "so much of the [O]pinion and [O]rder entered by this Court, . . . imposing sanctions upon [Mr. Steinberg]" because:

(1) Markman failed to comply with provisions of the Federal Rules of Civil Procedure and E.D. Michigan Local Rules,

(2) monetary sanctions are disproportionate to the offense,

(3) the representations upon which the Motion for Sanctions was based were inaccurate and misleading, and

(4) "justice otherwise requires in the premises."

On May 6, 2008, the Sixth Circuit Court of Appeals affirmed this Court's (1) dismissal of Plaintiffs' cause of action, and (2) the imposition of Rule 11 sanctions. *See*

4

*Fieger v. Cox*, 524 F.3d 770 (6th Cir. 2008).

## III.  ANALYSIS

**A.     Motion for Reconsideration**

The Court first addresses Mr. Steinberg's Motion for Reconsideration.  Although the Motion for Reconsideration was filed timely, the Court finds it lacks merit.  Before filing the Motion for Sanctions, it is undisputed that Markman's counsel did attempt to contact Mr. Steinberg to obtain concurrence.  The fact that Mr. Steinberg may have been out of the country for the holidays at the time, and may have had good reason for not responding to the request for concurrence in the eight days thereafter, does not demonstrate that Markman's counsel did not comply with E.D. Mich. L.R. 7.1(a)(1) and (2).  Significantly, neither Plaintiffs nor Mr. Steinberg ever filed a response to the Motion for Sanctions filed by Markman.

Likewise, as discussed in Section III.B. below, the Sixth Circuit concluded that this Court did not abuse its discretion by (1) imposing sanctions in this case, and (2) concluding that the claims filed against Markman were unsupported by material facts.  Accordingly, the Court is not persuaded that (a) Markman failed to comply with the safe harbor requirement of Fed.R.Civ.P. 11(c)(1)(A), or (b) monetary sanctions are not disproportionate to the offense.  Finally, the Court is not persuaded that the fact that Mr. Steinberg withdrew from this case demonstrates that there is little danger of repetition of the alleged violation in this case. Contrary to the interpretation of Rule 11(c)(2) by Mr. Steinberg that Rule 11 is targeted

5

to his representation of a particular party (*i.e.*, that there is little danger of repetition of the alleged offense because he no longer represents Plaintiff Geoffrey Fieger), Rule 11 is designed to discourage an attorney from certain conduct, period, no matter who he or she represents.

For the reasons set forth above, the Court denies Mr. Steinberg's Motion for Reconsideration.

**B.     Sanctions**

In affirming this Court's imposition of sanctions, the Sixth Circuit agreed with this Court's conclusion that the Plaintiffs' Complaint against Markman was "devoid of any allegations, let alone facts, to support Markman's alleged participation in a conspiracy" against Plaintiffs. *Id*. at 776 ("plaintiffs failed to allege any material facts to show that Markman engaged in a plan to violate plaintiffs' constitutional rights"). As set forth above, Markman has submitted an invoice seeking attorney fees and costs in the amount of $29,037.57 for the period up to and including December 8, 2006. Neither Mr. Steinberg nor any of the Plaintiffs ever filed an objection to the reasonableness of the fees and costs submitted by Markman. Further, in reviewing the fees and costs submitted by Markman, the Court finds that they are reasonable.

Accordingly, the Court hereby imposes sanctions in the amount of $29,037.57, which amount shall be paid on or before October 31, 2008.

## IV.  CONCLUSION

For the reasons stated, Defendant's Motion for Reconsideration is DENIED and the Court hereby imposes sanctions upon Mr. Steinberg in the amount of $29,037.57.

IT IS SO ORDERED.

                                                  S/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE

Dated: September 18, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 18, 2008.

                                                  S/Marie E. Verlinde
                                                  Case Manager
                                                  (810) 984-3290