UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEOFFREY N. FIEGER, *et al*,

        Plaintiffs,

                                  CASE NO. 05-CV-73891-DT
vs.                               HON. LAWRENCE P. ZATKOFF

MICHAEL A. COX, *et al.*,

        Defendants.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron, State of
Michigan, on the 10TH  day of July, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on two matters.  In December 2006, the Court rendered an Opinion and Order dismissing Plaintiffs' cause of action, with prejudice, including Plaintiffs' cause of action against Defendant Stephen J. Markman ("Markman") and imposing sanctions upon Plaintiffs' counsel, Richard Steinberg ("Steinberg").  On September 18, 2008 (after the appeal in this matter was complete), the Court determined that the amount of such sanctions (based on attorney fees and costs incurred by Markman) would be $29,037.57 for the period up to and including December 8, 2006, the date the Court issued

the Opinion and Order dismissing Plaintiffs' cause of action.

On September 30, 2008, Steinberg filed a "Motion to Reduce Award of Sanctions to $15,000.00" (Docket # 58). Plaintiff Geoffrey N. Feiger filed a response to Steinberg's Motion. In addition, Plaintiff Geoffrey N. Feiger filed a Motion to Recuse and Disqualify on October 2, 2008 (Docket #60). The Court did not consider any of these matters previously, however, because (1) on October 17, 2008, Steinberg filed a Notice of Appeal regarding the September 18, 2008, Opinion and Order, and (2) on October 31, 2008, Steinberg filed a Suggestion of Bankruptcy. On June 8, 2009, the Court received an Order from the Sixth Circuit Court of Appeals dismissing the appeal filed by Steinberg on October 17, 2008. Shortly thereafter, the Court learned that the bankruptcy matter involving Steinberg also had been dismissed.

## II. BACKGROUND

In determining the amount of sanctions, the Court requested that Markman submit the amount of his legal expenses. Markman provided the Court with an invoice seeking attorney fees and costs in the amount of $29,037.57 for the period up to and including December 8, 2006. Neither Steinberg nor any of the Plaintiffs filed an objection to the reasonableness of the fees and costs submitted by Markman at that time.[1] In reviewing the fees and costs submitted by Markman, the Court found that the amount claimed by Markman was

---

[1] In fact, no such objection was filed by any party prior to the pending Motion to Reduce Award of Sanctions to $15,000.00.

reasonable.

### III.  ANALYSIS

**A.      Motion to Reduce Sanctions**

Steinberg argues that he should not be responsible for the entire cost of the attorney fees incurred by Markman because the Court granted his motion to withdraw from the case on September 27, 2006, just minutes prior to the hearing on Markman's motion for summary judgment.  This argument fails to take into account, however, that but for a few hours of time billed by Markman's attorneys, Markman's attorney fees were incurred prior to the hearing itself.  Moreover, the fact that Markman incurred attorney fees for the time spent at the hearing was a direct result of the complaint filed by Steinberg on behalf of Plaintiffs. Finally, the only remaining time billed by Markman's attorneys was associated with reviewing the Court's Opinion and Order issued on December 8, 2006 (the Opinion in which the Court concluded that Markman was entitled to summary judgment and that sanctions against Steinberg were appropriate).  Accordingly, the Court concludes that the entire amount of sanctions is directly attributable to Steinberg's decision to file Plaintiffs' cause of action against Markman and, therefore, Steinberg shall be responsible for the entire amount of the sanctions.[2]

**B.      Motion to Recuse and Disqualify**

_____

[2]To the extent that Markman incurred additional fees on any appeal, however, Steinberg shall not be sanctioned or responsible for such amounts.

Plaintiff Geoffrey N. Fieger's Motion to Recuse and Disqualify was not filed until after this case was closed, the Sixth Circuit rendered its opinion regarding the merits of dismissing the Plaintiffs' cause of action, and this Court had issued an opinion denying Steinberg's Motion for Reconsideration and imposing sanctions against Steinberg in the amount of $29,037.57.  In other words, nothing remained before this Court other than Steinberg's Motion to Reduce Award of Sanctions to $15,000.00.  As this case is closed and the Court has resolved Steinberg's Motion (in a manner favorable to Plaintiff Geoffrey N. Fieger and the other Plaintiffs), the Court finds no reason to address or consider the Motion to Recuse and Disqualify because there are no pending matters before the Court. Accordingly, the Court hereby DENIES AS MOOT Plaintiff Geoffrey N. Fieger's Motion to Recuse and Disqualify.

## IV.  CONCLUSION

For the reasons stated, Steinberg's Motion to Reduce Award of Sanctions to $15,000.00 is DENIED. In addition, for the reasons stated above, Plaintiff Geoffrey N. Feiger's Motion to Recuse and Disqualify is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  July 10, 2009

4

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 10, 2009.

s/Marie E. Verlinde
Case Manager
(810) 984-3290